UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Odis Hughes, Jr.,

Plaintiff,

v.

Mark Herr, *et al.*,

Defendants.

Case No. 3:25-cv-1467

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Odis Hughes, Jr., currently incarcerated at Chillicothe Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against Lucas County Common Pleas Assistant Prosecuting Attorney Mark Herr, Lucas County Common Pleas Judge James D. Bates, Lucas County Common Pleas Judge Joseph V. McNamara, and defense attorney Daniel Arnold.[1] (Doc. No. 1). Plaintiff seeks declaratory, injunctive, and "prospective equitable relief in the form of no less than $250,000" from each defendant. (*Id.* at 18).

## I. Background

Plaintiff's complaint consists of disjointed arguments, conclusory allegations, and random legal citations. Plaintiff states that he is seeking relief against each defendant "for civil rights violations pursuant to [42 U.S.C. §§ 1981, 1983, 1985, and 1986]." (*Id.* at 1).

[1] Plaintiff lists "Joseph V. McNamara" as a defendant in the action without any accompanying title or allegations in the complaint. Plaintiff, however, identifies the defendant's address as 700 Adams Street, Toledo, Ohio, which is the address for the Lucas County Court of Common Pleas. The Court therefore presumes this defendant is Lucas County Court of Common Pleas Judge McNamara, who, at times, presided over Plaintiff's state court case about which Plaintiff complains in this action.

Plaintiff is challenging his 2014 conviction and sentence in the Lucas County Court of Common Pleas. Plaintiff's conviction stems from crimes committed on March 23, 1984, wherein Plaintiff stabbed a co-worker in a Toledo, Ohio gas station and stole $6,000 from his employer. Following the crimes, Plaintiff fled the jurisdiction and lived out of state under an assumed name for three decades. In the course of an unrelated investigation in 2013 in Colorado, Plaintiff was questioned as a suspect. During the investigation, Plaintiff's identity was discovered and he subsequently confessed to the 1984 Toledo crimes. In January 2014, pursuant to a plea agreement, Plaintiff pleaded no contest to one count of robbery and one count of felonious assault, and a charge of attempted murder was dismissed. Plaintiff was sentenced to a term of three to fifteen years in prison on each count, to be served concurrently. *See State v. Hughes*, No. L-22-1046 (Ohio App. 6 Dist. Oct. 7, 2022).

Plaintiff did not file a direct appeal. Rather, in August 2020, more than six years after he was sentenced, Plaintiff filed a postconviction petition, which was denied. In September 2021, Plaintiff filed a direct appeal of the 2014 state court judgment, which was dismissed as untimely. In October 2021, Plaintiff filed another postconviction petition, which was dismissed as successive and barred by res judicata. Thereafter, Plaintiff filed another appeal, which was dismissed as untimely. *Id.*

Plaintiff appears to claim that "the defendants" violated his constitutional rights during the plea negotiations, alleging "misconduct during a plea deal" and "violat[ing] statutory mandates with the purpose of selling the plaintiff to the Ohio Department of Corrections for federal funds," and he was wrongfully sentenced because he was not sentenced the same as "other Ohio citizens when they committed the same infraction in 1984." (Doc. No. 1 at 5). Plaintiff also appears to allege ineffective assistance of counsel during the plea negotiations. Finally, Plaintiff generically alleges that Herr and Arnold conspired to deprive him of his civil rights under 42 U.S.C. §§ 1981 and 1983, and Judge Bates failed to prevent the conspiracy in violation of 42 U.S.C. § 1986.

## II. Standard

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, or officer or employee of a governmental entity if the Court concludes that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. *See also Nelson v. Janice*, No. 2:14-CV-11256, 2014 WL 2765147, at *1 (E.D. Mich. June 18, 2014) ("[A] review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)).

To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding the Rule 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under § 1915A). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.

The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* And a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

### A. Proper Parties

As an initial matter, Plaintiff fails to state a claim under 42 U.S.C. § 1983 against any defendant.

To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). To be considered to have acted "under color of state law" for purposes of § 1983, a person typically must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises "powers traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974) (citing cases).

Here, Arnold, Plaintiff's defense counsel, is a private party, not a government official. And there is no suggestion in the Complaint that Arnold was acting on behalf of, or obtaining significant aid from, the State such that his conduct could be considered state action. Plaintiff's conclusory statement that Arnold conspired with Herr is insufficient.

Nor does Plaintiff allege any facts suggesting that Arnold exercised a power that is reserved exclusively for the State of Ohio. Moreover, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). *See also Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th

Cir. 2003) (noting that "private attorneys representing private citizens . . . [are] not acting under color of state law"). Plaintiff therefore cannot establish a § 1983 claim against Attorney Arnold.

Additionally, a plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the Complaint, the Complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See, e.g., Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Here, Plaintiff does not set forth any allegations specifically connecting Judge McNamara to the purported constitutional violations. Rather, his name is only listed in the caption of the Complaint. Thereafter, Plaintiff generically references "the defendants." Plaintiff therefore fails to state a plausible civil rights claim against Judge McNamara.

Moreover, Judges Bates and McNamara are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their

judgment in a case is not impaired by the exposure to claims for damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.

For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *See also Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, there is no suggestion in the Complaint that Judges Bates and McNamara were acting in any capacity other than that of judicial officers when the conduct alleged in the Complaint occurred, or that the judicial officers acted outside the scope of their jurisdiction. Judges Bates and McNamara are therefore absolutely immune from Plaintiffs' claims for damages in this action.[2]

Likewise, Herr also enjoys immunity. Prosecutors are absolutely immune from liability under § 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). So long as a prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 n.27, 431 n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986), *abrogated in part on other grounds by Kalina v. Fletcher*, 522 U.S. 118, (1997) (prosecutor

[2] Plaintiff asserts he is "not seeking damages from the defendants" but instead seeks "prospective equitable relief in the amount of $250,000.00 from each defendant." (Doc. No. 1 at 18). Plaintiff's attempt to redefine the nature of the monetary damages he seeks does not preclude application of the judicial immunity doctrine.

immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Here, Plaintiff presents no facts suggesting Herr acted outside the confines of his prosecutorial role. Therefore, Herr is absolutely immune from suit.

### B. Civil Rights Claims

Even if Plaintiff had named proper parties, he fails to state a plausible civil rights claim. Plaintiff asks me to declare "my rights to not be charged for a crime and sentenced in violation of the … Constitution." (Doc. No. 1 at 18). To the extent Plaintiff is challenging the terms of his conviction or sentence rendered in state court, he cannot obtain such relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

And to the extent Plaintiff is seeking damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Plaintiff has not made that showing here. Therefore, the Complaint must be dismissed on this basis.

Finally, Plaintiff also states in his Complaint, without any explanation or support, that he is asserting claims under 42 U.S.C. §§ 1981 (racial discrimination in making and enforcing contracts),

1985 (conspiracy to commit racial discrimination), and 1986 (providing damages for violation of § 1985). Plaintiff has not asserted any facts that plausibly suggest he may have a cause of action based on any of these statutes. These purported claims are therefore dismissed.

## IV. Conclusion

For these reasons, I dismiss this action pursuant to 28 U.S.C. § 1915A. I deny Plaintiff Odis Hughes, Jr.'s motion to proceed *in forma pauperis*, (Doc. No. 8), because Hughes already paid the filing fee, and I deny his motion for an order, (Doc. No. 7), as moot.

Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge